OPINION
Defendant-appellant Larry Travis brings this appeal from the judgment of the Court of Common Pleas of Marion County, Domestic Relations Division.
Appellant and plaintiff-appellee Connie Travis were married on May 12, 1995. Prior to the marriage, appellant and appellee had cohabitated in a home purchased by appellee. Appellant assisted appellee in meeting the closing costs on the purchase. Prior to the marriage appellant and appellee made various improvements to the home. The cost of these improvements was either paid by appellee or were split between the two. Some of the supplies for the improvements, such as portions of the fence and the ceiling fans came from appellant's prior home. Subsequent to the marriage, additional improvements, including the addition of a pool and decks, were made to the house. The cost of these improvements was split between the parties and they both provided the labor. Although appellee made most of the mortgage payments, appellant paid most of the other household bills.
In October 1998, the parties separated and maintained separate residences. On December 16, 1998, appellee filed for divorce. The parties could not completely agree on an equitable division of property, so hearings on the matter were held on April 12, 2000, and on July 28, 2000. The trial court entered a judgment granting the divorce and dividing the property on August 22, 2000.
Appellant raises the following assignments of error.
The trial court abused its discretion by finding the date oftermination of the marriage was October 1998, while valuing assets as ofthe hearing date in 2000.
 The trial court abused its discretion by finding that the entire valueof the residence at 315 Franconia Ave. was appellee's separate propertyand there was no evidence that the numerous repairs and improvements tothe house increased the value of the residence after the date of themarriage.
 The trial court abused its discretion in valuing the parties' motorhome.
In the first assignment of error appellant claims that the trial court erred by not using the separation date as the date for valuation of assets. The duration of a marriage is from the date of marriage to the date of the final hearing in a divorce action. R.C. 3105.17.1. The trial court used the date of the final hearing as the date to use for valuation of the marital assets. The statute recommends the use of this date. Thus, the trial court did not abuse its discretion in using the final hearing date as the valuation date. The first assignment of error is overruled.
The second argument raised by appellant is that the trial court erred in finding the residence to be the separate property of appellee and not providing for any increase of value during the marriage. R.C. 3105.17.1 provides the following definition of marital property:
 (3)(a) "Marital property" means, subject to the division (A)(3)(b) of this section, all of the following:
 * * *
 (iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage.
The testimony provided by appellee is that she purchased the home prior to their marriage for $27,000.00. She testified that numerous improvements were made to the home.[1] Some were made prior to the marriage, with the work being done by both herself and appellant. However, some of the improvements, such as the decks and the pool, were completed after the marriage. Appellee also testified that appellant supplied the fence surrounding the backyard of the home and the ceiling fans in the home. On her Schedule III, appellee states that the value of the house as of December 16, 1998, was $60,000.00. In appellee's pretrial statement, appellee claims that she and appellant are the joint owners of the real estate and that the fair market value of the property is $55,000.00.
Given this evidence, there is no doubt that the value of the property increased. Neither party disputes that some of the improvements were made after the marriage. Nor is it disputed that appellant paid most of the utility bills which permitted appellee to pay the mortgage from her earnings. Although the house itself may be the separate property of appellee, an increase in value due to either spouse's efforts is marital property. Middendorf v. Middendorf (1998), 82 Ohio St.3d 397,696 N.E.2d 575. Thus, the trial court erred in not addressing this issue. The second assignment of error is sustained.
The third assignment of error is that the trial court erred in setting the value of the motor home at $6,000.00, which was higher than the purchase price. However, the testimony was that the motor home was purchased for $5,329.25 and that $2,455.34 was still owed on the vehicle. Both parties testified that various improvements had been made to the motor home. Appellee testified that the value of the vehicle at the time of the hearing was approximately $7,000.00. TR at 69. Appellant testified that the value at the time of the hearing was approximately $3,500.00 to $4,000.00. TR at 103. On their respective Schedule III's, appellee stated the value of the motor home to be $8,000.00 and appellant stated its value at $6,000.00. The trial court subsequently found the value of the vehicle to be $6,000.00. Since this is the value given by appellant on his Schedule III, the trial court's decision is supported by evidence. Thus, the trial court did not abuse its discretion at setting the value of the motor home at $6,000.00.
Although the value set by the trial court is supported by the evidence, we are concerned about the order that appellant must pay appellee $3,000.00 within 30 days to receive the motor home. The failure to pay this amount grants title to the motor home to appellee without any payment to appellant for his equity. Subtracting the debt from the value set by the court provides for total equity in the vehicle of $3,544.66. Of this, appellant is entitled to equity of $1,772.33. Since the loan on the vehicle is in appellee's name, the decision to require appellant to pay appellee enough money to pay off the loan and provide for some of her equity in the vehicle is understandable. However, the decision to require appellant to sign over the vehicle free and clear to appellee if he cannot raise the funds within 30 days seems to be unreasonable as it deprives him of any of his equity in the vehicle. Thus, the third assignment of error is sustained and the issue of the equitable division of the motor home is remanded to the trial court for further consideration.
The judgment of the Court of Common Pleas of Marion County, Domestic Relations Division is reversed and the cause is remanded for further proceedings in accord with this opinion.
HADLEY and SHAW, JJ., concur.
[1] These improvements included adding insulation to the house, installing French doors, a new roof for the garage, installing new drainage tile, the addition of a pool, the addition of two new decks, and new garage doors.